IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PACE AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:09-cv-02389-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTHERN SKY AIR & TOURS, LLC, | ) | **DEFENDANT'S ANSWER &** |
| a/k/a SOUTHERN SKY AIR, LLC | ) | **COUNTERCLAIMS** |
| d/b/a DIRECT AIR, | ) | |
| | ) | |
| Defendant. | | |

The Defendant, answering the Complaint, would respectfully show and allege unto this Honorable Court as follows:

## **FIRST DEFENSE**

1.      Each and every allegation not hereinafter specifically admitted, modified, or qualified is denied and strict proof demanded thereof.

2.      The allegations of Paragraphs One and Two (1 and 2) are admitted.

3.      In answering Paragraph Three (3), it is admitted that the Parties entered into an agreement on February 25, 2009 but the attached Charter Agreement does not contain all the terms of the Parties agreement..

4.      The allegations of Paragraphs Four and Five (4 and 5) are admitted.

5.      In answering Paragraph Six (6), the Defendant denies that the laws of the State of North Carolina apply in that the Plaintiff engaged in fraudulent and negligent misrepresentations to obtain the Defendant's signature to the Charter Agreement.

1

6.      The allegations of Paragraphs Seven, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen and Seventeen (7, 8, 9, 10, 12, 13, 14, 15, 16 and 17) are denied and strict proof demanded thereof.

7.      In answering Paragraph Eleven (11), it is admitted that the Plaintiff sent a document to the Defendant requesting monies.

## SECOND DEFENSE

8.      The Defendant asserts novation and/or modification as a complete defense.

## THIRD DEFENSE AND FIRST COUNTERCLAIM

9.      The Plaintiff represented to the Defendant the following:

a.      That the Plaintiff had access to certain airplanes, namely 737-500s, and that these airplanes or at least one (1) of these airplanes will be made available to the Defendant.

b.      Plaintiff represented to the Defendant that it was ready, willing and able to provide charter airplanes that could travel non-stop for a minimum of five (5) hours and that these airplanes had the ability to take off from short runways.

c.      Plaintiff represented that it could obtain at least one (1) 737-500 airplane on its certificate no later than thirty (30) days from the date of the Charter Agreement.

d.      That the Defendant would be provided a 737-200 for no more than thirty (30) days.

10.     Based upon the representations made by the Plaintiff as hereinabove set forth, the Defendant entered into the Charter Agreement believing that the representations were true and accurate and that the Plaintiff would substitute a 737-200 with a 737-500 within thirty (30) days and provide first class professional operational services to Defendant's customers..

11.     The Defendant relied upon the representations of the Plaintiff's agents in that the Plaintiff had situated upon its tarmac in Winston Salem, North Carolina, several 737-500 airplanes.

12.     In addition to the representations as set forth hereinabove, the Plaintiff also represented that it would provide first class quality service to all of the passengers including assistance with baggage, assistance unloading the airplane, professional, qualified attendants for each flight and attendants on the ground who are cordial and professional, and other such controllable operational functions.

13.     The Defendant relied upon the above representations when it signed the Charter Agreement and commenced utilizing the services of the Plaintiff. In addition, the Plaintiff either knew or should have known that its representations were false in that it had not contracted to obtain the 737-500's nor did it have the capabilities to provide the services as promised.

14.     Contrary to the Plaintiff's representations, the Plaintiff was unable to provide a 737-500 to the Defendant  and was unable to provide functional professional operational services as represented.

15.     As a result of the failure of the Plaintiff to provide the services as hereinabove set forth, the Defendant has suffered damages in that it had to reschedule flights, which resulted in reduced numbers of passengers and it had to provide disgruntle passengers with free tickets. As a

3

result of these damages, the Defendant is entitled to a judgment against the Plaintiff for actual and punitive damages.

## FOURTH DEFENSE AND SECOND COUNTERCLAIM

16.    The Plaintiff breached the Charter Agreement for it failed to provide the necessary aircraft as it represented at the time of contracting and it failed to provide the functional operational services.

17.    In addition to the breach of contract as set forth hereinabove, the Plaintiff has also breached its obligation of good faith and fair dealing.

18.    As a result, the Defendant has been damaged and is entitled to an award of actual and consequential damages.

## FIFTH DEFENSE AND THIRD COUNTERCLAIM

19.    The Defendant was misled by the Plaintiff's negligent misrepresentations which negligent misrepresentations resulted in damage to the Defendant.

20.    The Defendant is entitled to a judgment against the Plaintiff for its negligent representations, with said judgment being for actual and punitive damages.

WHEREFORE, having answered the Complaint, Defendant prays for the following:

A.    The Complaint be dismissed with prejudice;

B.    The Court award the Defendant actual damages;

C.    The Court award the Defendant consequential damages;

D.    The Court award the Defendant punitive damages;

F.    For the costs of this action; and

G.    For such other and further relief as this Court may deem just and proper.

**[Signature on Following Page]**

4

**McNAIR LAW FIRM, P.A.**

s/Henrietta U. Golding

_____
Henrietta U. Golding, Fed. ID #2125
2411 N. Oak Street, Suite 206 (29577)
Post Office Box 336
Myrtle Beach, SC 29578-0336
Ph:    (843) 444-1107
Fax:    (843) 443-9137
Email: hgolding@mcnair.net
*Attorneys for the Defendant*

Myrtle Beach, South Carolina

October 27, 2009

5